United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANELYN PENAFLOR, | CASE NO. 5:12-cv-04647 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; REMANDING AND DISMISSING CASE** |
| v. | |
| TIMOTHY THOAI NGUYEN PENSION PLAN, et. al., | |
| Defendant(s). | [Docket Item No. 2] |

### I. INTRODUCTION

On September 6, 2012, Plaintiff and removing defendant Anelyn Penaflor ("Plaintiff") filed in this court a document entitled "Notice of Removal and Complaint for Wrongful Foreclosure." See Docket Item No. 1 (the "Initiating Document"). Plaintiff also filed the instant request for a temporary restraining order and preliminary injunction. See Docket Item No. 2. From what can be discerned from these documents, Plaintiff removed an unlawful detainer action originally filed in Santa Clara County Superior Court filed by Defendant Timothy Thoai Nguyen Pension Plan ("Defendant") which seeks Plaintiff's removal from real property located in San Jose, California. Defendant acquired title to the property at a trustee's sale on June 29, 2012.

Having reviewed this matter is its entirety, the court finds it lacks jurisdiction over this action and, in any event, cannot provide Plaintiff the relief she requests. Accordingly, Plaintiff's request for a temporary restraining order will be denied, and this action will be remanded and dismissed.

## II. LEGAL STANDARD

The issue presented here is one of subject matter jurisdiction. This term "refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived." Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, 130 S. Ct. 584, 596 (2009). It can be raised at any time during the course of a proceeding by the parties or by the court. See Fed. R. Civ. Proc. 12(h)(3); see also Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002).

Since at least a portion of this action was removed from state court, well established jurisdictional principles must be applied to determine whether the case is properly before the district court. Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates

2

Case No. 5:12-cv-04647 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; REMANDING AND DISMISSING CASE

whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

An anticipated or even actual federal defense or counterclaim is not sufficient to confer jurisdiction. Constr. Laborers Vacation Trust, 463 U.S. at 10.

### III. DISCUSSION

The court has reviewed Plaintiff's documents with these standards in mind, and must first make one important observation critical to this analysis: Plaintiff did not, in either the Initiating Document or the injunctive request, state the basis for this court's subject matter jurisdiction. This is a violation of the applicable pleading standard, even under a liberal construction of the pleadings. Fed. R. Civ. Proc. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."); 28 U.S.C. § 1446(a) (stating that a notice of removal must contain "a short and plain statement of the grounds for removal").

The lack of allegations supporting federal jurisdiction also renders unclear the basis for either removal or original jurisdiction in this court. The documents attached to the Initiating Document reveal that Defendant alleged a single claim for unlawful detainer against Plaintiff within the complaint originally filed in state court. It is well established that unlawful detainer claims themselves do not arise under federal law and, therefore, cannot support federal-question jurisdiction. See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario, No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010). Neither does an independent defense or counterclaim for wrongful foreclosure, to the extent Plaintiff sought to assert one, because it does not appear on the face of the state court complaint. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense). Federal question jurisdiction therefore does not exist based on these

Morever, jurisdiction cannot rest on diversity of citizenship because Plaintiff has not alleged

3
Case No. 5:12-cv-04647 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; REMANDING AND DISMISSING CASE

1 any information about the parties or the amount the amount in controversy.[1]

2 For these reasons, there is no apparent basis for federal jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The court is therefore precluded from providing Plaintiff the injunctive relief she seeks, or any relief for that matter, based on the present state of the pleadings. Accordingly, Plaintiff's request for a temporary restraining order and preliminary injunction will be denied and this case remanded and dismissed.

### IV. ORDER

Based on the foregoing, Plaintiff's request for a temporary restraining order and preliminary injunction (Docket Item No. 2) is DENIED. Because this court lacks subject matter jurisdiction, this action is REMANDED to Santa Clara County Superior Court to the extent Plaintiff removed a case from that court, and DISMISSED to the extent she intended to file an original complaint.

The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 6, 2012

EDWARD J. DAVILA
United States District Judge

---

[1] The same type of analysis would apply if the court construes the Initiating Document as an original complaint. Since there are not at delineated causes of action or any information about the parties, there is no apparent basis for federal jurisdiction.

4
Case No. 5:12-cv-04647 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; REMANDING AND DISMISSING CASE